```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Jaroslaw Eichelberger,

                    Petitioner,          CV-06-3259 (CPS)

    - against -                          MEMORANDUM OPINION
                                         AND ORDER
Warden, Metropolitan Detention Center;
United States of America,

                    Respondents.

----------------------------------------X
```

SIFTON, Senior Judge.

This is an action brought by petitioner Jaroslaw Eichelberger for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Eichelberger, who previously consented to extradition to Poland, alleges that he has not been extradited within the time frames set by the Extradition Treaty between the United States and Poland and by United States law and accordingly must be released. For the reasons that follow, Eichelberger's petition to be discharged from custody is denied.

## BACKGROUND

The following facts are drawn from the parties' submissions in connection with this petition. Disputes are noted.

In January 25, 2006, petitioner Jaroslaw Eichelberger was arrested in the Middle District of Florida ("MDFL") under a provisional arrest warrant signed by United States Magistrate Judge Thomas G. Wilson pursuant to Article 12 of the Extradition

Treaty between the United States and the Republic of Poland (the "Extradition Treaty").[1] In Poland, Eichelberger is charged with the following crimes: Murder During the Course of a Robbery and Unlicensed Possession of a Firearm. Eichelberger is accused of murdering Waldemar Wutkowski during the course of a robbery in Warsaw, Poland, on November 30, 1998.

On March 14, 2006, Eichelberger filed a "Motion for Release" in the MDFL; however, Magistrate Wilson denied the motion. On March 24, 2006, the government filed a "Notice of Receipt of Extradition Papers."[2] Eichelberger renewed his "Motion for Release" on April 6, 2006, and the motion was again denied. Magistrate Wilson scheduled an extradition hearing for April 21, 2006, and the hearing was subsequently continued to May 26, 2006 at Eichelberger's request.

On May 16, 2006, Eichelberger filed a "Notice of Intent not to Contest Extradition, requesting the Court to "cancel the May 26, 2006 hearing, as same is unnecessary, and enter its Order directing that Eichelberger be extradited forthwith." On May 19, 2006, Magistrate Wilson issued an order directing

---

[1] Article 12 provides, "in case of urgency, a Contracting State may apply for the provisional arrest of the person sought before the request for extradition is submitted."

[2] In the Notice, the United States Attorney stated that the "extradition package" had been received by the U.S. Department of State on March 24, 2006, and were in possession of Michel Guilani in the Office of Legal Adviser to the Secretary of State. The Notice further stated that the Office of International Affairs was expected to have the documents by March 28, 2006, and that they would be forwarded to the U.S. Attorney's office by March 31, 2006.

>the United States Marshal for the Middle District of Florida [to] deliver to the duly authorized representatives of the Republic of Poland the person of JAROSLAW EICHELBERGER for the purpose of transporting [him] from the Middle District of Florida to the Republic of Poland to be held for trial or other disposition.

The order further stated that

>the transfer of physical custody of the said JAROSLAW EICHELBERGER shall be at such time and place as mutually agreed upon by the United States Marshal for the Middle District of Florida and a duly authorized representative of the Republic of Poland.

Petitioner alleges, without providing support for the allegation, that "Poland was notified of the Order" on the date of the order, May 19, 2006. The government contends that the Polish authorities were notified on June 6, 2006.[3] The government further contends that Polish authorities informed the United States that they wished to take custody of Eichelberger at John F. Kennedy International Airport ("JFK") in Queens, New York, on July 6, 2006.

Eichelberger, acting *pro se*, filed a petition for habeas corpus in the MDFL on June 27, 2006; however, the United States Attorney's Office for the MDFL was not immediately notified of the petition. On June 28, 2006, the United States Marhsals Service ("Marshals") moved Eichelberger to the Eastern District

---

[3] To that end, the government submits a copy of a letter Mary Ellen Warlow, the Director of the Office of International Affairs of the U.S. Department of Justice stating that "[o]n June 6, 2006 the Office of International Affairs sent notice to Polish authorities that an order had been entered in the Middle District of Florida with regard to the extradition of Jaroslaw Eichelberger to Poland and that Polish authorities should make arrangements to travel to the United States to collect Mr. Eichelberger as soon as possible."

of New York ("EDNY"). On June 29, 2006, the clerk of the court in the MDFL notified the MDFL U.S. Attorney's Office of the petition, and the U.S. Attorney's Office notified the Office of International Affairs ("OIA"). On that same day, the OIA notified the Marshals and the Polish government of the petition, and on June 30, 2006, informed both that Eichelberger could no longer be extradited on July 6.

On July 5, 2006, Eichelberger, now represented by counsel, filed the instant habeas petition, making the same arguments he did in the MDFL habeas petition. Eichelberger argues that he was not extradited within the time frames established by the Extradition Treaty and by United States law.

## DISCUSSION

Petitioner first argues that he was improperly held beyond the 60-day time period set by the Extradition Treaty for provisional arrest. Article 12(4) of the Extradition Treaty states:

> a person who is provisionally arrested shall be discharged from custody upon the expiration of sixty (60) days from the date of provisional arrest pursuant to this Treaty if the executive authority of the Requested State has not received the formal request for extradition and the supporting documents....

I note, as an initial matter, that Magistrate Wilson has previously denied two "Motions for Release" making this argument, and that petitioner subsequently consented to extradition. In any event, I conclude that petitioner's argument lacks merit. The

extradition papers were received by the State Department on March 24, 2006, within 60 days of petitioner's arrest on January 25, 2006. Because the papers were received by the U.S. Department of State within the 60 day limit, the extradition request from Poland was timely. *See, e.g., Liberto v. Emery*, 724 F.2d 23, 25 (2d Cir.1983).

Petitioner's arguments that he was not timely extradited after the May 19, 2006 order was issued are similarly unavailing. Article 14(4) of the Extradition Treaty provides:

> Surrender of the person sought shall take place within such time as may be prescribed by the laws of the Requested State. If the law of the Requested State does not provide a specific time for surrender, it shall take place within thirty (30) days from the date on which the Requesting State is notified of the decision to extradite.

The parties agree that 18 U.S.C. § 3188 governs this case. § 3188 states:

> Whenever any person who is committed for rendition to a foreign government to remain until delivered up in pursuance of a requisition, is not so delivered up and conveyed out of the United States within two calendar months after such commitment, over and above the time actually required to convey the prisoner from the jail to which he was committed, by the readiest way, out of the United States, any judge of the United States, or of any State, upon application made to him by or on behalf of the person so committed, and upon proof made to him that reasonable notice of the intention to make such application has been given to the Secretary of State, may order the person so committed to be discharged out of custody, unless sufficient cause is shown to such judge why such discharge ought not to be ordered.

However, petitioner argues that the two month period provided for

in § 3188 began to run on the day petitioner was arrested. This argument also fails. The United States Supreme Court has explicitly held that the time limit specified in § 3188 does not start to run when the accused is initially committed, rather, it begins to run when from the time his claims, including habeas petitions, are finally adjudicated. *Jimenez v. U.S. Dist. Court for Southern Dist. of Fla., Miami Division*, 84 S.Ct. 14 (1963); *see also Duran v. U.S.*, 36 F.Supp.2d 622 (S.D.N.Y.1999) (holding that the two month limit pursuant to § 3188 does not apply to the time petitioner is in custody on the provisional arrest warrant; rather, it "does not begin to run until an individual is certified as extraditable.").

Here, the order to extradite was entered on May 19, 2006. Accordingly, the Polish authorities had until 60 days after that day to take custody of petitioner, and the government states without contradiction that they would have done so had petitioner not filed his habeas petitions.[4] Petitioner cannot now argue for release based upon delays caused by his own actions. *See Jimenez*, 84 S.Ct. 14. Moreover, pursuant to *Jimenez*, the Polish authorities now have until 60 days after the resolution of

---

[4] The government argues that even if the appropriate time limit was the 30 days provided for in the Extradition Treaty, the extradition would have been timely, because the Polish authorities were not notified of the decision to extradite until June 6th, and they were prepared to extradite him on July 6th. Plaintiff argues that the 30 day period began running on May 19th since Article 14(1) of the Treaty provides that the "Requested State shall promptly notify the Requesting State of its decision on the request for extradition." Because I conclude that the relevant time period is 60 days, I need not address these arguments.

petitioner's pending habeas petitions to take custody of him. *Id.*

Accordingly, Eichelberger's petition to be discharged from custody must be denied.

**CONCLUSION**

For the reasons set forth above, Eichelberger's petition to be discharged is denied and the writ issued herein July 5, 2006 is satisfied.

The clerk is directed to transmit a copy of the within to all parties and to the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          July 20, 2006


          By: /s/ Charles P. Sifton (electronically signed)
              United States District Judge